IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| RAMON DOMINGO DIAZ, JR,  JOSE RODRIGUEZ AND JAMES BRANDON MARTINEZ | § § § § | CIVIL ACTION NO. 5:15-CV-185 |
| Plaintiff | § § | PLAINTIFFS' ORIGINAL COMPLAINT |
| V. | § § | |
| SHIRE ABDULKADIR AND BLUECOAST EXPRESS | § § | |
| Defendants | | JURY DEMAND |

**PLAINTIFF'S ORIGINAL PETITION AND APPLICATIONFOR TEMPORARY RESTRAIING ORDER AND REQUEST FOR TEMPORARY INJUNCTION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW **RAMON DOMINGO DIAZ, JR, JOSE RODRIGUEZ AND JAMES BRANDON MARTINEZ,** Plaintiffs, and file this, their Original Complaint, complaining of Defendants **SHIRE ABDULKADIR AND BLUECOAST EXPRESS** (hereinafter "Defendants"), and for cause of action would respectfully show unto the Court the following:

**I.**
**VENUE AND JURISDICTION**

1.     This Court has jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of fees and costs and this is a suit between citizens of different states.

2.     Venue as to this petition is proper in the Southern District of Texas, Laredo Division under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## II.

## PARTIES

3.     Plaintiff RAMON DOMINGO DIAZ JR, is an individual and is a resident of Laredo, Webb County, Texas.

4.     Plaintiff JOSE RODRIGUEZ, is an individual and is a resident of Laredo, Webb County, Texas.

5.     Plaintiff JAMES BRANDON MARTINEZ, is an individual and is a resident of Laredo, Webb County, Texas.

6.     Defendant BLUECOAST EXPRESS (hereinafter "BLUECOAST"), is a corporation with its principal place of business in TORONTO, ONTARIO, that does business in the State of Texas. BLUECOAST may be served with citation by serving its registered agent, Designated Registered Agent for Service at 838 Shepherd Place, Milton, Ontario L9T6L.

7.     Defendant SHIRE ABDULKADIR (hereinafter "S.A.") is a natural person and, at all times relevant to this cause, has been and continues to be a resident of TORONTO, ONTARIO. S.A. may be served by serving him at his residence: 340 Dixon Rd. 1815, Toronto, Ontario M9R1T.

## III.

## FACTS

8.     On August 17th, 2015, Plaintiffs were traveling southbound at the 5600 block of San Bernardo in Laredo, Webb County, Texas in a 2005 White Chevrolet Silverado.  At the same time, Defendant S.A. was also traveling at 900 block of Walton Blvd in a 2008 White Mercedes Benz Freightliner TT, owned and operated on behalf of Defendant BLUECOAST. Defendant S.A. failed to stop at a stop sign and suddenly, and without warning collided with the Plaintiff vehicle, causing a collision.

9.      Due to Defendant's negligence, Plaintiffs suffered painful, permanent and debilitating injuries.

## IV.

## AGENCY AND RESPONDEAT SUPERIOR

10.      At the time of the collision and the occurrences giving rise to this cause of action, Defendant S.A. was the operator of the freightliner owned by Defendant BLUECOAST and was an employee of BLUECOAST.

11.      Defendant BLUECOAST, at the time of the collision was, upon information and belief, an interstate carrier or federal motor carrier.

12.      At all times material hereto, Defendant S.A. was acting within the course and scope of his employment or official duties for Defendant BLUECOAST and in furtherance of the duties of his office or employment for Defendant BLUECOAST.

13.      Moreover, at the time of the collision and at all other times relevant hereto, Defendant S.A. was operating under the authority of Defendant BLUECOAST as a motor carrier.

14.      Defendant BLUECOAST, as the employer and motor carrier, is responsible for the negligent acts or omissions of Defendant S.A. under the principles of respondeat superior and/or by virtue of statutory provisions including the Federal Motor Carrier Safety Act.

## V.

## NEGLIGENCE

15.      Plaintiffs would show that, on the occasion in question, Defendants owed a duty to conduct itself in a manner consistent with the traffic laws of the State of Texas and the United States and to act as a reasonably prudent person and/or entity would act.

16.      Defendant S.A. breached his duty to Plaintiffs and acted in a manner that was negligent or negligent per se by engaging in wrongful conduct including, but not limited to:

     a.     Failing to keep such a proper lookout as a person exercising ordinary prudence would have kept under the same or similar circumstances;

     b.     Failing to control speed;

     c.     Failing to take timely or proper evasive action to avoid the collision in question;

     d.     Failing to pay attention;

     e.     Failing to control the subject vehicle so that a collision would not occur;

     f.     Failing to yield at a stop sign.

15.     Defendant BLUECOAST breached its duty to Plaintiffs and acted in a manner that was negligent or negligent per say by failing to exercise ordinary care to hire, train and supervise its drivers with respect to ensuring that they were and would continue to be safe drivers with knowledge of the matters necessary for the proper operation of the vehicles that they controlled.

16.     Defendant breached its duty because it knew or should have known that Defendant S.A. was not a capable, qualified and knowledgeable driver.

17.     Defendant breached its duty because it failed to provide the necessary training for Defendant S.A. to operate his vehicle in a safe manner and in conformity with the requirements of the law.

18.     Defendant breached its duty because it failed to supervise Defendant S.A. to ensure that he operated his vehicle in a safe manner and could accomplish his work assignments in a safe manner.

19.     Each of Defendant's acts and omissions, singularly or in combination with others, constituted negligence and/or negligence per se that proximately and substantially caused the occurrence made the basis of this action, and the personal injuries and damages sustained by Plaintiffs.

20.     Plaintiffs would show that, as a proximate cause of Defendant's negligence, as described herein, Plaintiffs have sustained damages far in excess of the minimum jurisdictional limits of this Court.

## VI.

## DAMAGES

21.     As a direct and proximate result of Defendant's negligence, Plaintiffs suffered severe personal injuries, pain, suffering, mental anguish, disability, impairment, and disfigurement, lost wages, lost earning capacity, and incurred reasonable and necessary medical expenses for the care and relief of his injuries.

22.     For a long time to come, if not for the rest of his life, Plaintiffs will continue to suffer physical injuries, physical impairment, disfigurement, pain and suffering, and mental anguish, and will continue to incur health care costs.   Plaintiffs now sue for all of these damages in an amount that exceeds the minimum jurisdictional limit of this Court.

## VII.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION

### Temporary Restraining Order.

23.     Defendant has committed Wrongful Acts.  Movants/Plaintiffs is also filing their Original Complaint but the Respondent/Defendants have yet to be served but have been put on notice of its claims. Plaintiff's Original Complaint includes claims for negligence on the part of Respondent/ Defendant.

24.     Movants/Plaintiffs Have a Probable Right to Relief.  This case involves serious and debilitating injuries sustained by the Plaintiffs.   Their injuries occurred through no fault of their own. The facts of this case will clearly demonstrate that the acts and/or omissions of the

Respondent/Defendant caused the injuries to Plaintiffs.  As such, Movants/Plaintiffs have a probable right to relief on the merits.

      25.    Movants/Plaintiffs Will Suffer Probable Injury if Injunctive Relief is Not Granted. The harm is imminent.  It is necessary for Movants/Plaintiffs to have Defendant preserve the subject vehicle in its current state and location so their representatives can immediately inspect the vehicle, for the purpose of inspecting, measuring, surveying, photographing, downloading the engine data recorder "black box", videotaping, and examining the subject vehicle and in order to accumulate and preserve material evidence necessary for the proper investigation and/or determination of the facts and circumstances in question in connection with Movants' claim under applicable Federal laws.

      26.    Movants/Plaintiffs will sustain imminent and irreparable harm if the relief requested herein is not granted.  Movants/Plaintiffs have been informed and believes, and on such information and belief, allege that Respondent/Defendant and/or their respective agents, servants and/or employees have already begun their investigation of the incident made the basis of this lawsuit, that the subject vehicle is not being preserved by any investigative authorities, and that material evidence associated with the black box may be lost, altered or destroyed.

      27.    The Probable Injury Will Be Irreparable if Injunctive Relief is Not Granted.  If Respondents/Defendants are not prevented or denied from doing any additional investigation, repairs, testing or moving of evidence, Defendant BLUECOAST is a Canadian Company and will likely engage in modifications, alterations, repairs or moving of evidence that will impair the development and prosecution of this case including the altering of the black box data.

      28.    It is critical to the investigation and proof of the Movants/Plaintiffs's claims alleged herein a by reference that they be allowed to inspect, measure, survey, photograph, downloading the black box, videotape, and examine the subject vehicle prior to it being altered, moved, or destroyed.

Relief is requested in order to accumulate and preserve material evidence, which is necessary for the proper investigation and/or determination of the true facts and circumstances in question in connection with Movants/Plaintiffs' claim.

29.     Movants/Plaintiffs Have No Adequate Remedy at Law.  There is no legal remedy available to Movants/Plaintiffs that will protect their rights and interests in this litigation if critical physical evidence is moved, lost, destroyed, or modified. There are no reliable methods of calculating damages to Movants/Plaintiffs if such physical evidence is lost, destroyed, or modified.

30.     Movants/Plaintiffs have acted timely and are willing to post a bond.   The undersigned law firm was recently hired by Movants/Plaintiffs to prosecute the causes of action stated herein against Respondent/Defendant and has attempted to reach an agreement concerning the preservation of the subject vehicle. Movants/Plaintiffs hereby prays for a temporary injunction prohibiting the following acts by Respondents/Defendants until such time as may be ordered by the Court or agreed to by the parties:

Altering, repairing, moving, modifying, damaging, destroying, conveying, transferring, or in any way changing the condition of:

   a.   The subject freightliner and its associated black box, specifically the 2008 White Freightliner TT Vin No. 1FUJGLCV68LZ09730. Toronto, Ontario License Plate No. 90112PN;

31.     Movants/Plaintiffs believe that time is of the extreme essence in obtaining the relief requested herein and that, under this emergency situation, there is not enough time to serve notice on Respondents/Defendants and hold a hearing, although Movants/Plaintiffs will make every reasonable effort to notify Respondents/Defendants of a hearing on their application for Temporary Restraining Order and/or Temporary Injunction.

**VIII.**

**TEMPORARY INJUNCTION**

32.     Movants/Plaintiffs incorporate the foregoing paragraphs by reference.

33.     Movants/Plaintiffs hereby prays for a temporary injunction prohibiting the following acts by Respondents/Defendants until such time as may be ordered by the Court or agreed to by the parties:

Altering, repairing, moving, modifying, damaging, destroying, conveying, transferring, or in any way changing the condition of:

>        b.     The subject freightliner and its accociated black box, specifically the 2008 White Freightliner TT Vin No. 1FUJGLCV68LZ09730. Toronto, Ontario License Plate No. 90112PN;

34.     Movants/Plaintiffs are willing to post a bond.

35.     Plaintiffs/Movants further request that the Respondent/Defendant be cited to appear and show cause and that upon such hearing, a Temporary Injunction be issued enjoining the Respondent/Defendant, it's respective agents, servants, employees, representatives or anyone acting at their direction or in concert with said Respondent/Defendant from altering, repairing, modifying, damaging, destroying, or in any way changing the condition of the subject vehicle involved in the August 17th, 2015 incident until at least such time as Movants/Plaintiffs has a full opportunity to inspect, measure, survey, photograph, videotape, copy and examine same and additionally for the duration of this litigation as necessary.

36.     Plaintiff/Movant further request that after temporary injunction hearing, this Honorable Court issue a Temporary Injunction directing Respondent/Defendant, to allow Movants/Plaintiffs and/or his representatives full and complete access to the subject vehicle to conduct its investigation and to secure the download of the black box relevant to the incident.

**IX.**

**PRE-JUDGMENT AND POST-JUDGMENT INTEREST**

37.     Plaintiffs are entitled to recover all pre-judgment and post-judgment interest as allowed by law, along with their costs of court.

## X.

## CONDITIONS PRECEDENT

38.     All conditions precedent have been performed or have occurred to support the Plaintiffs' pleadings and causes of action.

## XI.

## REQUEST FOR JURY TRIAL

39.     Plaintiffs respectfully requests a trial by jury.

**THEREFORE,** Plaintiffs request that Defendants be cited to appear and answer herein and that on final trial, Plaintiffs have judgment against Defendants for:

a.     All medical expenses in the past and future;

b.     Mental anguish in the past and future;

c.     Physical pain in the past and future;

d.     Physical impairment in the past and future;

e.     Lost wages;

f.     Lost earning capacity;

g.     Disfigurement in the past and future;

h.     Pre- and post-judgment interest as allowed by law;

i.     Costs of suit; and

j.     Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**WYATT LAW FIRM, LTD.**
70 NE Loop 410, Suite 725
San Antonio, Texas 78216
Telephone:  (210) 340-5550

Facsimile:  (210) 340-5581


By:_/s/  James Perrin_____
Paula A. Wyatt
State Bar No. 10541400
pwyatt@wyattlawfirm.com
James Perrin
State Bar No. 24027611
jperrin@wyattlawfirm.com
Nathaniel Mack, III
State Bar No. 24078896
nmack@wyattlawfirm.com

**ATTORNEYS FOR PLAINTIFF**